Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP, LLP**
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.:  (310) 887-1333
Fax:  (310) 887-1334

Attorneys for Defendants,
*dbest products, Inc. and Richard Elden*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRANSFORM PARTNERS LLC,** | Case No. 23-5982-GW-SHKx |
| Plaintiff, | **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| v. | **JURY TRIAL DEMANDED** |
| **DBEST PRODUCTS, INC.**, and **RICHARD ELDEN**, | |
| Defendants. | |

## <u>INTRODUCTION</u>

1. With respect to paragraph 1, Richard Elden and dbest products, Inc. ("Defendants") admit that dbest sent written notices to Amazon alleging that certain products sold by Mount-It through Amazon infringe a patent

1    issued to Richard Elden.  Defendants deny that they have knowingly

2    wielded an invalid patent to cause commercial harm to Mount-It!

3    Defendants lack knowledge or information sufficient to form a belief as

4    to the remaining allegations in paragraph 1 and therefore deny them.

5    2.  With respect to paragraph 2, Defendants admit that this purports to be an

6    action asserting claims for the causes of action alleged.

7    3.  Admitted.

8    4.  Admitted.

9    **THE PARTIES**

10   5.  Admitted.

11   6.  Admitted.

12   7.  Admitted.

13   **ALLEGATIONS FOR ALL CLAIMS**

14   8.  Admitted.

15   9.  Defendants lack knowledge or information sufficient to form a belief as

16   to the allegations in paragraph 9 and therefore deny them.

17   10. Defendants admits that the Mount it! cart is assigned an ASIN number

18   B0763TCX1V. Defendants deny that Mount-It has sold the same cart

19   bearing ASIN number B0763TCX1V since at least as early as April 5,

20   2018. As set forth in the counterclaims below, Plaintiff recently

21   introduced a slide-lock assembly to its Next Generation Accused

22   Products. Despite its recent introduction, Plaintiff continued to use the

23   same product name, SKU and ASIN number for the Next Generation

24

1  Accused Products. Defendants lack knowledge or information sufficient
2  to form a belief as to the remaining allegations in paragraph 10 and
3  therefore deny them.

4  11. Admitted.

5  12. Defendants lack knowledge or information sufficient to form a belief as
6  to the allegations in paragraph 12 and therefore deny them.

7  13. Admitted.

8  14. Defendants lack knowledge or information sufficient to form a belief as
9  to the allegations in paragraph 14 and therefore deny them.

10  15. Defendants admit that, at the time of the filing of the complaint, the
11  records of the U.S.P.T.O. disclose that Mr. Elden was the owner of the
12  '835 Patent. Defendants also admit that the priority date of the '835
13  Patent is January 6, 2020. Defendants deny that the Next Generation
14  Accused Products were sold before the priority date of the '835 Patent.
15  Defendants lack knowledge or information sufficient to form a belief as
16  to the remaining allegations in paragraph 15 and therefore deny them.

17  16. Admitted.

18  17. Defendants lack knowledge or information sufficient to form a belief as
19  to the allegations in paragraph 17 and therefore deny them.

20  18. Admitted.

21  19. Defendants lack knowledge or information sufficient to form a belief as
22  to the allegations in paragraph 19 and therefore deny them.

23  20. Admitted.

24

1   21. Defendants lack knowledge or information sufficient to form a belief as

2        to the allegations in paragraph 21 and therefore deny them.

3   22. Defendants lack knowledge or information sufficient to form a belief as

4        to the allegations in paragraph 22 and therefore deny them.

5   23. Defendants lack knowledge or information sufficient to form a belief as

6        to the allegations in paragraph 23 and therefore deny them.

7   24. Defendants lack knowledge or information sufficient to form a belief as

8        to the allegations in paragraph 24 and therefore deny them.

9   25. Defendants lack knowledge or information sufficient to form a belief as

10       to the allegations in paragraph 25 and therefore deny them.

11  26. Defendants lack knowledge or information sufficient to form a belief as

12       to the allegations in paragraph 26 and therefore deny them.

13                          <u>**COUNT I**</u>

14              **(Declaratory Judgment of Invalidity)**

15  27. Defendants repeat and reallege their responses to the allegations of

16       Paragraphs 1-26 of the Complaint as though fully set forth in this

17       paragraph.

18  28. Admitted.

19  29. Denied.

20  30. Denied.

21  31. Denied.

22

23

24
_____
DEFENDANTS' ANSWER AND COUNTERCLAIMS OF DEFENDANT DBEST PRODUCTS, INC.

1

## **COUNT II**

2

### **(Tortious Interference)**

3  32. Defendants repeat and reallege their responses to the allegations of

4      Paragraphs 1-31 of the Complaint as though fully set forth in this

5      paragraph.

6  33. Denied.

7  34. Denied.

8  35.  Defendants lack knowledge or information sufficient to form a belief as

9      to the allegations in paragraph 35 and therefore deny them.

10 36. Defendants lack knowledge or information sufficient to form a belief as

11     to the allegations in paragraph 36 and therefore deny them.

12 37. Denied.

13

## **COUNT III (sic)**

14

### **(Unfair Competition)**

15 38. Defendants repeat and reallege their responses to the allegations of

16     Paragraphs 1-37 of the Complaint as though fully set forth in this

17     paragraph.

18 39. Denied

19 40. Denied.

20

## **PRAYER FOR RELIEF**

21     Plaintiff's prayer does not require a response, but Defendants deny that

22     Plaintiff is entitled to any relief.

23

24

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to state a claim)

Plaintiff's complaint fails to state a claim upon which relief could be granted.

### SECOND AFFIRMATIVE DEFENSE

### (No case or controversy)

Plaintiff has failed to allege a justiciable case or controversy.

### THIRD AFFIRMATIVE DEFENSE

### (No Injury)

Plaintiff has suffered no injury.

### FOURTH AFFIRMATIVE DEFENSE

### (Limitation on damages)

Plaintiff's claims for damages and costs are barred because this case is not exceptional, or because they are unavailable under California law, and because Defendants' conduct was not malicious, oppressive, or fraudulent.

### FIFTH AFFIRMATIVE DEFENSE

### (Lack of subject matter jurisdiction)

The Court lacks subject matter jurisdiction over the claims asserted.

### SIXTH AFFIRMATIVE DEFENSE

### (Litigation Privilege)

The notices of infringement to Amazon alleged are covered by the litigation privilege as communications in good faith contemplation of litigation.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean hands)

Mount-it!'s claims are barred, in whole or in part, by the doctrine of unclean hands. As set forth in the counterclaims below, Mount-it! has unclean hands because it engaged in acts of patent infringement, and therefore, is not entitled to any relief because it engaged in wrongful conduct related to the alleged interference claim.

## EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

Mount-it!'s claims are barred, in whole or in part, by the doctrine of preemption. As set forth in the counterclaims below, Mount-it! engaged in acts of patent infringement. Because such conduct is protected or governed by federal patent law, Mount'it!'s state law claim is preempted.

## COUNTERCLAIMS

Counterclaim Plaintiff dbest products, Inc. ("dbest") asserts counterclaims against Plaintiff/Counterclaim Defendant Transform Partners, LLC, doing business as Mount-It! ("Mount-It!"), as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement against Mount-It!, arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

### PARTIES

2. Counterclaim Plaintiff dbest is a California corporation having a principal place of business at 16506 Avalon Boulevard, Carson, California 90746.

3.  dbest is a leading innovator and seller of portable carts. dbest has developed, marketed, and sold a highly successful line of portable carts, including collapsible portable carts, frequently featured on QVC, Inc.'s television commercials and its website.

4.  Mount-It! is a California corporation having a principal place of business at 12113 Kirkham Road, Poway, California 92064.

5.  Mount-It! offers and sells a wide variety of products, including the collapsible portable carts accused of infringement, through its own website, and through retailers including Amazon.com, Bed Bath & Beyond, Home Depot, Newegg, Office Depot, Quill Corp., Staples, Target, Wayfair, and Walmart, to customers and potential customers in California, in this judicial district and elsewhere in the United States.

6.  These counterclaims against Mount-It! arise under the patent laws of the United States, 35 U.S.C. § 271 et seq.  This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. § 1331, 1338(a).

7.  Venue is proper in this judicial district because Mount-It! has committed acts of patent infringement in this district and is subject to personal jurisdiction in this district, where it has brought an action for declaratory judgment, tortious interference, and unfair competition against dbest and its CEO, Richard Elden.

## DBEST'S PATENTED INVENTIONS AND
## COMMERCIAL EMBODIMENTS

8. dbest owns a worldwide portfolio of intellectual property, including utility patents, design patents, and trademarks.  It is dbest's policy and practice to prominently mark its products with the numbers of the patents that cover them in order to comply with 35 U.S.C. § 287.

9. Richard Elden, the founder and CEO of dbest, invented a collapsible portable cart, which he developed into dbest's first product, the now famous original Quik Cart®.

10. dbest owns all rights, title, and interest in and to U.S. Design Patent No. D545,025 ("the '025 Patent"), filed on March 10, 2006, issued on June 19, 2007 to Richard Elden, and entitled "Collapsible Cart which functions as a transportable carrying box." The rights to dbest include all rights to enforce and recover past damages for any and all infringement. A true and correct copy of the '025 Patent is attached as **Exhibit A**.

11. dbest sells its Quik Cart® products, embodying its patented inventions, on its own website, on Amazon.com and on other retail sites.

12. One of dbest's original Quik Cart® products embodying the '025 patent is shown below.

13. While the original Quik Cart® was a successful product, Mr. Elden conceived, invented, and developed improvements to his original design. One of these improvements was to add a "slide-lock" assembly engaged on horizontal tracks on the collapsible sidewalls of the cart. When slid on the tracks toward the back of the cart, the slide-lock assembly allows the sidewall to fold inward when the cart is collapsed for storage. When the cart is unfolded from its collapsed state to its open state, the slide-lock assembly can slide forward on the tracks to secure the two panels of each sidewall to one another, after unfolding the cart for use, to lock the panels in the same plane and prevent them from folding inward.

14. dbest owns all rights, title and interest in U.S. patent no. 11,338,835 ("the '835 Patent"), issued May 24, 2022 to Richard Elden, and entitled "High load capacity collapsible carts." The '835 Patent has a priority date of January 6, 2020. The '835 Patent discloses and claims various embodiments

1    of collapsible carts that include slide-lock assemblies, among other elements

2    and limitations.  A true and correct copy of the '835 Patent is attached as

3    **Exhibit B**.

4    15.  dbest also owns all rights, title and interest in U.S. patent no. 11,565,735

5    ("the '735 Patent"), issued January 31, 2023 to Richard Elden, and entitled

6    "High load capacity collapsible carts."  The '735 Patent has a priority date of

7    January 6, 2020. The '735 Patent discloses and claims various other

8    embodiments of collapsible carts that include slide-lock assemblies, among

9    other elements and limitations.  A true and correct copy of the '735 Patent is

10   attached as **Exhibit C**.

11   16.  dbest sells products that embody the claims of the '835 Patent and the '735

12   Patent, namely the Quik Cart® Pro and Quik Cart® Elite family of carts.

13   These products are marked with the '835 Patent number and the '735 Patent

14   number, among others, in compliance with 35 U.S.C. § 287.  A photo of

15   dbest's Quik Cart® Elite 360º is shown below.





Redesigned integrated rigidity
locks slide over the top of
the folding walls

1

## THE ACCUSED MOUNT-IT PRODUCTS

2   17.  Mount-It! alleges that it has sold a Rolling Utility Cart, assigned SKU

3         number MI-905 and ASIN B07763SM6WQ. Mount-It! alleges that it has

4         sold this cart "since at least April 25, 2018," which is after the March 10,

5         2006 priority date of dbest's '025 Patent.

6   18.As shown below, the Mount-It! Rolling Utility Cart appears to be a nearly

7         identical copy of the design in the '025 Patent and dbest's original Quik

8         Cart® shown above.

9

10

11

12

13

14

15

16





17         Mount-It! Rolling Utility Cart            The '025 Patent

18

19   19.Mount-It! alleges that it has sold a Rolling Collapsible Utility Cart, assigned

20         SKU number MI-904 and ASIN B06WWG3L1T.  Mount-It! alleges that it

21         has sold this cart "[s]ince at least June 25, 2018," which is after the March

22         10, 2006 priority date of dbest's '025 Patent.

23

24

20. As shown below, the MI-904 also appears to be a nearly identical copy of the design in the '025 Patent and dbest's original Quik Cart® shown above.



21. Since at least as early as April 5, 2018, Mount-It! has been selling a collapsible cart called the Rolling Mesh Utility Cart, assigned SKU number MI-906 and ASIN B0763TCX1V.  The Mesh Rolling Utility Cart, as introduced in 2018 and still offered for sale at Walmart and other retailers, is shown below.  Like the original Quik Cart® and Mount-It!'s MI 904 and MI-905 carts, it lacks a slide lock assembly on the collapsible sidewalls.



22. All three of the above-described Mount-It! collapsible rolling utility carts, MI-904, MI-905, and MI-106 ("the 2018 Accused Products") infringe the '025 Patent, as explained below in Count I.

23. On information and belief, after dbest introduced the slide-lock assembly on its Quik Cart® Elite 360, Mount-It! copied the slide-lock assembly and added it to its competing products ("the Next Generation Accused Products"). Exemplary side-by-side images of the new version of Mount-It! cart with slide-locks as compared to the corresponding old version, are shown below.



2018 Accused Product
(OLD VERSION)



Next Generation Accused Product
(NEW VERSION)

24. Despite recently adding a slide-lock assembly, Mount-It! continued to use the same 2018 product name, SKU, and ASIN number for the Next Generation Accused Products.

25. Mount-It!'s Next Generation Accused Products were first sold after the priority date of the '835 Patent and the '735 Patent.

## COUNT I

## (Infringement of U.S. Design Patent No. D545,025)

26. dbest realleges and incorporates by reference paragraphs 1-25 as if fully set forth in this paragraph.

27. Mount-It!'s 2018 Accused Products directly infringed the '025 Patent until it expired on June 19, 2021, literally and under the doctrine of equivalents, because in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of each of the 2018 Accused Products is substantially the same as the patented design.

28. For example, as shown below, like the '025 Patent, the Rolling Utility Cart has a rugged ornamental design for the sidewalls that is substantially similar to those claimed in the '025 Patent, with the left and right sidewalls each having two panels with a plurality of horizontal ribs. Similarly, each panel has an opening in the top portion of the panel as well as an opening in the top portion of the front wall. Like the '025 Patent, the Rolling Utility Cart also has a pair of wheels in the back only, while the front has a protrusion extending from the bottom of the front wall. Moreover, like the '025 Patent, the Rolling Utility Cart has a dual telesocoping handle adjacent the backwall of the cart.

1

2

3

4

5

6

7

8

9

 

10        Mount-It! Rolling Utility Cart        The '025 Patent

11

12

13   29. Mount-It! also indirectly infringed the '025 Patent by inducing its customers

14        to directly infringe it by using the 2018 Accused Products, and contributorily

15        infringed the '025 Patent by selling the 2018 Accused Products, which had

16        no substantial non-infringing uses, to customers whose use necessarily

17        infringed the '025 patent.

18   30. Mount-It!'s direct and indirect infringement of the '025 patent was willful.

19   31. Mount-It! engaged in this conduct with knowledge of the '025 patent's

20        existence and with knowledge that the 2018 Accused Products infringed it

21        and the use of the 2018 Accused Products by its customers directly infringed

22        it.

23

24

## COUNT II

### (Infringement of U.S. Patent No. 11,338,835)

32. dbest realleges and incorporates by reference paragraphs 1-31 as if fully set forth in this paragraph.

33. Mount-It's Next Generation Accused Products directly infringe at least claim 1 of the '835 patent in violation of 35 U.S.C. § 271.  These accused carts meet each and every element and limitation of at least claim 1 of the '835.  Claim charts illustrating how the Next Generation Accused Product meets each and every element and limitation of claim 1, literally or under the doctrine of equivalents, are attached as **Exhibit D**.

34. Mount-It! had actual notice that its Next Generation Accused Products infringe the '835 patent on or about October 5, 2022. Yet, despite the notice of infringement, Mount-It! continues to make, use, sell and/or offer for sale the infringing Next Generation Accused Products.

35. Mount-It! also indirectly infringes the '835 patent by inducing its customers to directly infringe it by using the Next Generation Accused Products, and contributorily infringes the '025 patent by selling the Next Generation Accused Products, which have no substantial non-infringing uses.

36. Mount-It!'s direct and indirect infringement of the '835 patent have been willful.  Mount-It! engaged in this conduct with knowledge of the '835 patent's existence and with knowledge that the Next Generation Accused Products directly infringed it and the use of the accused carts by its customers directly infringed it.

37. Mount-It!'s direct and indirect infringement have injured dbest, which is entitled to recover damages adequate to compensate it for the direct and indirect infringement.

38. dbest has been irreparably harmed by Mount-It!'s direct and indirect infringement and will continue to be irreparably harmed if Mount-It! is not enjoined.

## COUNT III

### (Infringement of U.S. Patent No. 11,565,735)

39. dbest realleges and incorporates by reference paragraphs 1-37 as if fully set forth in this paragraph.

40. Mount-It's Next Generation Accused Products directly infringe at least claim 1 of the '735 patent in violation of 35 U.S.C. § 271.  These accused carts meet each and every element and limitation of at least claim 1 of the '735 patent.  Claim charts illustrating how the Next Generation Accused Products meets each and every element and limitation of at least claim 1, literally or under the doctrine of equivalents, is attached as **Exhibit E**.

41. Mount-It! also indirectly infringes the '735 Patent by inducing its customers to directly infringe it by using the Next Generation Accused Products, and contributorily infringes the '735 Patent by selling the Next Generation Accused Products, which have no substantial non-infringing uses.

42. Mount-It!'s direct and indirect infringement of the '735 Patent have been willful.  Mount-It! engaged in this conduct with knowledge of the '735 patent's existence and with knowledge that the Next Generation Accused

1    Products directly infringed it and the use of them by its customers

2    necessarily directly infringed it.

3    43. Mount-It!'s direct and indirect infringement have injured dbest, which is

4       entitled to recover damages adequate to compensate it for the direct and

5       indirect infringement.

6    44. dbest has been irreparably harmed by Mount-It!'s direct and indirect

7       infringement and will continue to be irreparably harmed if Mount-It! is not

8       enjoined.

9

10                          **PRAYER FOR RELIEF**

11      Wherefore, dbest prays that the Court enter judgment in its favor and award

12   the following relief against Mount-It!:

13   A. That the Court find that Mount-It! has infringed the '025 Patent, the '835

14      Patent, and the '735 Patent, in violation of 35 U.S.C. § 271;

15   B. That the Court find that dbest's case against Mount-It! is exceptional under

16      35 U.S.C. § 285 and order Mount-It! to pay dbest its reasonable attorney's

17      fees and costs;

18   C. That the Court award damages under 35 U.S.C. § 284 in an amount found to

19      adequately compensate dbest for Mount-It!'s infringement;

20   D. That the Court find that enhanced damages for Mount-It!s willful

21      infringement are warranted under 35 U.S.C. § 285 and award treble

22      damages;

23   E. That the Court award interest on all monetary relief awarded;

24

DEFENDANTS' ANSWER AND COUNTERCLAIMS OF DEFENDANT DBEST PRODUCTS, INC.

-19-

1     F.  That the Court permanently enjoin Mount-It!, its officers, agents, employees,

2         and all others in active concert or participation with Mount-It! from

3         infringing the'835 Patent and the '735 Patent;

4     G.  That the Court award dbest such other relief as the Court deems just and

5         proper.

6

7

**<u>REQUEST FOR JURY TRIAL</u>**

**(Fed. R. Civ. P. 38 (b)**

8     dbest demands a jury trial of all issues and claims triable by jury.

9

10   DATED:  October 2, 2023       dbest products, Inc.

11                   By:  /s/ Ehab M. Samuel

12                   Ehab M. Samuel (SBN 228296)
                     David A. Randall (SBN 156722)

13

14                 *Attorneys for dbest products, Inc. and*
                 *Richard Elden*

15

16

17

18

19

20

21

22

23

24

---

DEFENDANTS' ANSWER AND COUNTERCLAIMS OF DEFENDANT DBEST PRODUCTS, INC.